IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SECUREMED CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Defendant. | No. CIV 05-418-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Default Judgment [Doc. # 3] and Defendant's Motion to Set Aside Motion for Default Judgment [Doc. # 5]. Defendant has requested oral argument. The Court finds that it would not be assisted by oral argument and, therefore, resolution of the Motions oral argument is appropriate.

*Factual and Procedural History*

On June 28, 2005, Plaintiff SecureMed Corporation ("SecureMed") filed a Complaint alleging trademark/service mark infringement under the Lanham Act (15 U.S.C. § 1114(a)), unfair competition under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), trademark/service mark dilution under § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), and unfair competition and trademark infringement under Arizona common law against Defendant Standard Security Life Insurance Company of New York ("Standard").

On August 31, 2005, SecureMed filed a Motion for Default Judgment. On September

1  9, 2005, Standard filed an Answer to the Complaint and a Motion to Set Aside Entry of
2  Default. SecureMed has treated Standard's Motion to Set Aside Entry of Default as a
3  Response to SecureMed's Motion for Default Judgment and has filed a Reply. Standard,
4  treating this Reply as a Response to its Motion to Set Aside Entry of Default, has filed a
5  Reply.

6       A review of the docket indicates that the Clerk of the Court has not entered default.

8  *Default Discussion*

9       A court may set aside an entry of default "[f]or good cause shown." Rule 55(c),
10 Fed.R.Civ.P. When analyzing the motion, the court should consider "whether the
11 defendant's culpable conduct led to the default; whether the defendant has a meritorious
12 defense; and whether [setting aside the default] would prejudice the plaintiff." *TCI Group*
13 *Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001). Culpable conduct is "willful,
14 deliberate, or evidence of bad faith." *Id.* at 697. It involves "not simply nonappearance
15 following receipt of notice of the action, but rather conduct which hindered judicial
16 proceedings . . . ." *Id.* at 698.

17      Action on a motion to set aside a default lies within the sound discretion of the court.
18 *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). "Where timely
19 relief is sought from a default and the movant has a meritorious defense, doubt, if any,
20 should be resolved in favor of the motion to set aside the default so that cases may be
21 decided on their merits. *Id.*, *quoting Schwab v. Bullock's*, 508 F.2d 353, 355 (9th Cir. 1974).

22      Standard asserts that its conduct was not willful. Rather, Standard asserts that it was
23 under the mistaken belief that SecureMed's counsel had provided a copy of the Complaint
24 to Standard's Arizona counsel and, had Standard known that SecureMed's had decided to
25 scrap settlement talks and serve the Arizona Department Insurance with a Complaint,
26 Standard's counsel would have filed a timely answer. SecureMed asserts, however, that
27 Standard failed to adequately respond to its cease and desist letter, Standard failed to

1 adequately respond to communication attempts, and SecureMed advised Standard that, if the
2 name of defense counsel was not provided to SecureMed, SecureMed would obtain service
3 through the Arizona Department of Insurance. SecureMed further disputes Standard's
4 assertion that settlement talks were ongoing.

5       Although Standard's conduct was not cooperative, the Court cannot say that it
6 involved "not simply nonappearance following receipt of notice of the action, but rather
7 conduct which hindered judicial proceedings[.]" *Knoebber*, 244 F.3d at 698. The Court
8 finds Standard's culpable conduct did not lead to the default.

9       Furthermore, the Court finds that Standard has presented a meritorious defense and
10 that SecureMed will not be prejudiced by the Court setting aside the entry of default.
11 *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). Because
12 Standard has timely sought relief from a default and has presented a meritorious defense, any
13 doubt is to be resolved in favor of setting aside the default so that cases may be decided on
14 their merits. *Mendoza*. The Court, therefore, will deny the Motion for Entry of Default and
15 Final Judgment.

16

17 *Attorney's Fees*

18       SecureMed has requested an award of fees and costs incurred in preparing the Motion
19 for Entry of Default and Final Judgment and its Reply. Where a default is set aside, any
20 prejudice suffered by the non-defaulting party as a result of the default and the subsequent
21 reopening of the litigation may be rectified by placing conditions upon the setting aside of
22 the default. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2700,
23 pp. 170-71 (1998). According to Wright, Miller & Kane, the most common type of prejudice
24 is the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the
25 introduction of new issues. *Id.* at 171. Courts have eased these burdens by requiring the
26 defaulting party to provide a bond to pay costs, to pay court costs, or to cover the expenses
27 of the appeal. *Id*. The use of imposing conditions can serve to "promote the positive

28

1  purposes of the default procedures without subjecting either litigant to their drastic
2  consequences." *Id.* at 172.

3  The Court finds that imposing the reasonable condition of Standard reimbursing
4  SecureMed for its expenses in preparing the Motion for Entry of Default and Final Judgment
5  and its Reply to be appropriate.

6  Accordingly, IT IS ORDERED:

7  1.    SecureMed's Motion for Entry of Default and Final Judgment [Doc. # 3] is
8  DENIED;

9  2.    Standard's Motion to Set Aside Entry of Default [Doc. # 5] is GRANTED;

10  3.    Standard shall pay SecureMed's reasonable fees and costs incurred in applying
11  for default and responding to the motion to set aside default;

12  4.    Counsel for SecureMed shall submit an affidavit regarding fees and costs
13  incurred in applying for default and responding to the motion to set aside default to the Court
14  on or before November 10, 2005, and;

15  5.    Counsel for Standard may file any objection to the proposed fees and costs on
16  or before November 25, 2005.

17  DATED this 25th day of October, 2005.

*[signature]*
Cindy K. Jorgenson
United States District Judge